**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiffs*
Hydro Engineering Inc. and
Hydro Engineering Equipment & Supply Co.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRO ENGINEERING, INC., a Utah corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>PETTER INVESTMENTS, INC., a Michigan corporation,<br><br>      Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Civil Case No. 2:11-CV-00139-SA<br><br>Judge Samuel Alba |

Plaintiff Hydro Engineering, Inc., in support of its Complaint for Declaratory Judgment, alleges as follows:

PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Hydro Engineering. Inc. is a Utah corporation having its principal place of business at 865 West 2600 South, Salt Lake City, Utah 84119 and is referred to herein as "Hydro" or "Plaintiff."

2. Defendant Petter Investments, Inc. d/b/a Riveer Company ("Petter") is a Michigan corporation with a principal place of business at 233 Veterans Boulevard, South Haven, Michigan 49090. Petter does business under the name Riveer Company.

3. This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq*. and Utah statutory and common law.

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

5. This Court possesses personal jurisdiction over Defendant because it regularly transacts business in the State of Utah directly and/or through a distributor or factory representative.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant Petter regularly conducts business in this district.

GENERAL ALLEGATIONS

7. Plaintiff Hydro offers systems for washing aircraft using the trademark TAWS. TAWS, as used by Hydro, stands for Total Aircraft Wash Systems. Hydro also uses the name TOTAL AIRCRAFT WASH SYSTEM to sell its TAWS product.

8. Hydro began using its TAWS mark in connection with its aircraft washing services in late 2010.

9. For years, Hydro has sold its systems for washing aircraft using the terms AWS and AIRCRAFT WASH SYSTEM. AWS, as used by Hydro, stands for Aircraft Wash System.

10. For years, Hydro has sold systems for washing the turbine engines of aircraft using the terms TEWS and TURBINE ENGINE WASH SYSTEM. TEWS, as used by Hydro, stands for Turbine Engine Wash System.

11. Hydro states on its website that its TAWS product is "the complete integration of Hydro Engineering's AWS, Aircraft Wash System and TEWS, Turbine Engine Wash System."

12. Loss of the ability to use TAWS or TOTAL AIRCRAFT WASH SYSTEM would have an adverse effect on Hydro's current and future operations.

13. Upon information and belief, Defendant Petter recently began offering for sale systems for washing aircraft using the terms TAWS and Total Aircraft Wash System. TAWS, at it is used by Petter, stands for Total Aircraft Wash System.

14. Upon information and belief, Petter has, for years, used the terms AWS and AIRCRAFT WASH SYSTEM to sell products that compete with Hydro's AWS and AIRCRAFT WASH SYSTEM products sold under those same terms. No dispute has arisen over the co-existence of these terms in the marketplace.

15. On January 28, 2011, Petter's counsel sent a letter to counsel for Hydro, claiming trademark rights in the TAWS and TOTAL AIRCRAFT WASH SYSTEM terms and on that basis, demanded that Hydro immediately discontinue its use of TAWS and TOTAL AIRCRAFT WASH SYSTEM in connection with washing systems for aircraft, among other things. A true and correct copy of this letter is attached as Exhibit 1 ("Demand Letter").

16. As a result of the Demand Letter, there exists an actual and justiciable controversy between Hydro and Petter regarding whether Hydro is infringing the alleged trademark rights owned by Petter.

17. Hydro's right to use these service or descriptive terms is now clouded as a result of Petter's actions. Petter's allegations will continue to impede and interfere with Hydro's legitimate business interests and objectives, thereby constituting actual harm and injury to Hydro.

CLAIM FOR RELIEF

18. Plaintiff Hydro incorporates by reference the allegations contained in the preceding paragraphs.

19. Hydro's use of the terms TAWS and TOTAL AIRCRAFT WASH SYSTEM do not infringe any existing valid trademark right of Petter under the Lanham Act or the laws of any state.

20. Defendant has no protectable rights to the terms TAWS or TOTAL AIRCRAFT WASH SYSTEM because they are generic or at best, descriptive of the product offered, and have not acquired any sort of secondary meaning. Even if the use of TAWS or TOTAL AIRCRAFT WASH SYSTEM were capable of acquiring trademark rights, Hydro's use of TAWS or TOTAL AIRCRAFT WASH SYSTEMS is not likely to cause confusion, mistake, or deception, or confuse the relevant public as to source, sponsorship, or affiliation with Defendant or Defendant's use of those terms.

PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff Hydro prays for a judgment in its favor and against Petter as follows:

5024225_1.DOC

  A. That the Court declare that Hydro's use of the terms TAWS and TOTAL AIRCRAFT WASH SYSTEM does not infringe any existing and valid trademark right of Petter under the Lanham Act (15 U.S.C. § 1125(a)) or the laws of Utah.

  C. That the Court order that Petter, its directors, officers, employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with them, be enjoined and restrained permanently from interfering with Hydro's use of the terms TAWS and TOTAL AIRCRAFT WASH SYSTEM, including its domain name.

  D. That Hydro be awarded its reasonable attorneys' fees and costs.

  E. For such other and further relief as the Court deems appropriate.

Dated this 4th day of February, 2011.

            HOLLAND & HART, LLP

            /s/ Brett L. Foster
            Brett L. Foster
            Mark A. Miller

            *Attorneys for Plaintiff*
            Hydro Engineering Inc. and
            Hydro Engineering Equipment & Supply Co.

Plaintiff's Address:
865 West 2600 South
Salt Lake City, UT 84119