IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HYDRO ENGINEERING, INC., a Utah corporation, <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> PETTER INVESTMENTS, INC., a Michigan corporation, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO ADD PARTIES <br><br><br><br><br><br> Case No. 2:11-CV-139 TS |

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint and to Add Parties. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff originally filed this action on February 4, 2011. Plaintiff sought declaratory judgment that its use of certain terms did not infringe any existing valid trademark of Defendant Petter Investment, Inc. d/b/a Riveer Environmental ("Riveer"). Plaintiff filed an Amended Complaint on May 12, 2011. In the Amended Complaint, Plaintiff added claims for

1

misappropriation of trade secrets and intentional interference with economic relations. A Second Amended Complaint was filed on August 17, 2011, in which Plaintiff added a claim seeking cancellation of trademark. Defendant has filed an Answer and asserted affirmative defenses and counterclaims.

The Original Scheduling order in this case required amended pleadings and joinder of parties by October 28, 2011, and trial was scheduled for January 28, 2013. On December 22, 2011, the parties filed a stipulated motion stating that they wished to explore the possibility of settlement. As a result, the parties requested extending all deadlines in this case. An Amended Scheduling Order was entered requiring amendment of pleadings and joinder of parties by April 30, 2012, and setting a trial date for June 3, 2013. Plaintiff filed the instant Motion seeking to amend their Second Amended Complaint and to add parties on April 30, 2012, the last day allowed under the Amended Scheduling Order.

In the mean time, Plaintiff has been pursuing litigation in Utah state court against a former employee, Carl Pelletier, and his company, PellTech Solutions, LLC ("PellTech"). In its most recent state court complaint, Plaintiff brings claims against Pelletier and PellTech for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, and intentional interference with economic relations.

Plaintiff now moves to file a Third Amended Complaint in this action. The proposed Third Amended Complaint adds Pelletier and PellTech as Defendants, largely including the claims against those entities that are currently pending in the state court action. However, the proposed Third Amended Complaint does more than simply incorporate the state court complaint

into this case. In addition to bringing claims against Pelletier and PellTech, the proposed Third Amended Complaint adds claims for civil conspiracy and fraud against all Defendants and adds a claim for tortious interference with contractual relations against Defendant Riveer.

## II. DISCUSSION

Where, as in this case, a responsive pleading has been served, Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule specifies that "[t]he court should freely give leave when justice so requires."[1] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[2] However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[3] "'Lateness does not of itself justify the denial of [an] amendment.'"[4] However, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[5]

---

[1] Fed.R.Civ.P. 15(a)(2).

[2] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[3] *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[4] *Id*. at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[5] *Id*. at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[6]  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[7]

Defendant opposes Plaintiff's Motion to Amend arguing that Plaintiff has unduly delayed filing its motion, has acted in bad faith, and that it, Defendant, will suffer undue prejudice.  In addition, Defendant argues that Plaintiff's claims against Pelletier are barred by the *Colorado River* abstention doctrine.

A.  UNDUE DELAY AND BAD FAITH

Defendant first argues that amendment should be denied because it is untimely and brought for dilatory motives.  As set forth above, untimeliness may provide a basis for denying amendment.  However, the Court must look to the reason behind the delay in determining this issue.

In its Motion, Plaintiff argues that its request is timely under the Amended Scheduling Order and that the facts supporting the proposed Third Amended Complaint were not known until shortly before the parties agreed to attempt settlement.  Plaintiff further argues that it could not have met the heightened pleading standard under Rule 9 without the recently disclosed information.

---

[6] *Id*. at 1207.

[7] *Id*. at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

Defendant argues that Plaintiff had access to the information making up the proposed Third Amended Complaint in early 2011 but delayed seeking amendment for strategic reasons.

The Court finds Defendant's argument unpersuasive for a number of reasons. First, as stated by Plaintiff, the Motion to Amend comes within the time period allowed under the Amended Scheduling Order. It is difficult for the Court to accept Defendant's argument that the proposed amendment is untimely when it falls within the stipulated time frame for such amendments. Defendant's argument also ignores the fact that the parties attempted settlement and, therefore, this case was largely put on hold from the end of 2011 until the filing of this Motion. Defendant's final argument is that Plaintiff has taken this action for "strategic reasons." However, this argument is not supported by the record.

Based on the above, the Court finds the Motion to be timely and that any untimeliness is adequately explained by the circumstances.

B.      UNDUE PREJUDICE

Defendant next argues that it will be prejudiced if amendment were allowed. Defendant argues that Plaintiff's proposed Third Amended Complaint changes the nature of this case and will require additional and different discovery.

As set forth above, courts generally find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[8]

---

[8] *Id*.

Defendant argues that it "will be at an extreme disadvantage without time to propound, collect and review documents relating to the proposed new claims. Moreover, new and much different written discovery will be needed if Hydro is permitted to amend"[9] Plaintiff counters that these claims are not as new and different as Defendant suggests, as Pelletier's relationship with Defendant has been the subject of previous complaints.

It is true that Defendant will likely suffer some prejudice as a result of having to defend new claims. However, the same can be said of any defendant who is forced to defend claims that were not part of the original complaint. The Court's focus is not on whether amendment would be inconvenient, but whether there is any *undue* prejudice to Defendant if amendment were allowed. At most Defendant suggests that it will be required to conduct additional discovery. Generally speaking, the need to conduct additional discovery, without more, does not constitute undue prejudice.[10] In this case, where trial is nearly one year away, the Court finds that Defendant has failed to show it will be unduly prejudiced if Plaintiff's Motion is granted. Further, any prejudice to Defendant can be ameliorated by amendments to the scheduling order, something to which Plaintiff does not object.[11]

---

[9] Docket No. 40, at 11.

[10] *See Cuffy v. Getty Ref. & Mktg. Co.*, 648 F. Supp. 802, 806 (D. Del. 1986).

[11] *See* Docket No. 50, at 5 n.2.

C.     *COLORADO RIVER*

Defendant's final argument against amendment is that Plaintiff's claims against Pelletier are barred by the *Colorado River* abstention doctrine. Plaintiff argues that *Colorado River* has no application here.

The *Colorado River* doctrine applies to "situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts."[12] "The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on 'considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"[13] This doctrine is appropriate only in "exceptional" circumstances and "[o]nly the clearest of justifications will warrant dismissal."[14]

Defendant cites to no case applying *Colorado River* in relation to a motion to amend and the Court's own research has not revealed any case directly on point. However, the Tenth Circuit has made clear that rather than dismiss claims under *Colorado River*, "the better practice is to stay the federal action pending the outcome of the state proceedings."[15] Thus, invoking *Colorado River* here is questionable where denial of Plaintiff's Motion would be akin to dismissal.

---

[12]*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

[13]*Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colo. River*, 424 U.S. at 817).

[14]*Colo. River*, 424 U.S. at 818, 819.

[15]*Fox*, 16 F.3d at 1083.

Assuming the *Colorado River* doctrine applies, the Court "must first determine whether the state and federal proceedings are parallel."[16] "'Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.'"[17] In making this determination, the Court "examine[s] the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings."[18]

A review of the state proceeding reveals that, while similar, it is not substantially the same as these proceedings. It is true that the proposed amendment adds claims against Pelletier that are the subject of the state suit. However, the proposed amended complaint does more than that. It also adds claims for civil conspiracy and fraud against both Pelletier and Riveer. Those claims are not part of the state case, nor is Riveer a party to that case. As a result, the Court finds that the state and federal proceedings are not parallel and *Colorado River* does not apply.

### III.  CONCLUSION

Based on the above, it is hereby

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint and to Add Parties (Docket No. 37) is GRANTED.  Plaintiff is directed to file its Third Amended Complaint within fourteen (14) days of this Order.

---

[16] *Id*. at 1081.

[17] *Id*. (quoting *New Buckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (7th Cir. 1992)).

[18] *Id*.

DATED   July 12, 2012.

                                    BY THE COURT:

                                    _____
                                    TED STEWART
                                    United States District Judge