IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRO ENGINEERING, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>PETTER INVESTMENTS, INC., a Michigan corporation, PELLTECH SOLUTIONS, LLC, a Utah limited liability company, and CARL PELLETIER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11-cv-00139-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On July 19, 2012, Plaintiff Hydro Engineering, Inc. ("Hydro") filed its Third Amended Complaint with leave of court.  (ECF No. 59.)  Eighteen days later, Defendant Petter Investments, Inc. ("Petter") filed an Answer to Hydro's Third Amended Complaint that added new counterclaims against Hydro.  (ECF No. 68.)  Concurrently with its Answer and Amended Counterclaims, Petter filed the instant Motion for Leave to File Amended Counterclaims (*nunc pro tunc*) (ECF No. 69).[1]  Petter believes it may file amended counterclaims as of right in response to Hydro's Third Amended Complaint.  In the event this Court disagrees, Petter alternatively seeks leave of court to file said counterclaims.  The Court has carefully read the Motion and Memoranda submitted for and against Petter's Motion.[2]

---

[1] Chief District Judge Ted Stewart referred this case to the undersigned Magistrate Judge under 28 U.S.C. section 636(b)(1)(A) on May 30, 2012.  (ECF No. 48.)  On October 4, 2012, this case was reassigned to newly appointed District Judge Robert J. Shelby.  (ECF No. 90.)

[2] The Court determined it can decide the Motion based on the briefing and does not need oral argument.  *See* DUCivR 7-1(f).

Hydro's Third Amended Complaint adds new claims against Petter for tortious interference with contractual relations, civil conspiracy, and fraud, in addition to requests for punitive or exemplary damages, thereby expanding the scope and theory of this case. Because Hydro's Third Amended Complaint expands the scope and theory of the case, Petter receives "a fresh start" in answering Hydro's Third Amended Complaint. *E.g., Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997), *aff'd*, 205 F.3d 1347 (8th Cir. 2000) (unpublished table decision). Accordingly, the Court finds Petter properly filed its Answer and Amended Counterclaims without leave of Court, and Petter's Motion is therefore MOOT.

## BACKGROUND[3]

Hydro's Second Amended Complaint against Petter asserted claims for a declaratory judgment of no trademark infringement, misappropriation of trade secrets under Utah state law, intentional interference with economic relations, and cancellation of trademark. (*See* ECF No. 23.) On July 19, 2012, Hydro filed its Third Amended Complaint with leave of court. (ECF No. 59.) Hydro's Third Amended Complaint adds two new defendants—Pelltech Solutions, LLC ("Pelltech"), and Carl Pelletier—and six additional claims for relief. Hydro's new allegations span an additional 201 paragraphs. Hydro brings three of the six new claims for relief only against Mr. Pelletier: breach of non-compete agreement, breach of non-solicitation agreement, and breach of fiduciary duty.[4] Hydro brings the added claim for tortious interference with contractual relations against Petter only. Hydro brings the final two new claims, for civil

---

[3] The Court recites the below facts from the parties' briefs.

[4] On February 26, 2013, District Judge Robert J. Shelby granted in part Carl Pelletier and Pelltech's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), dismissing Hydro's claims for breach of fiduciary duty against Mr. Pelletier and intentional interference with economic relations against all three Defendants. (*See* ECF No. 98.)

conspiracy and fraud, against all three Defendants. Hydro's Third Amended Complaint also adds requests for exemplary or punitive damages.

On August 6, 2012, Petter filed its Answer to Hydro's Third Amended Complaint concurrently with the instant Motion for Leave to File Amended Counterclaims (*nunc pro tunc*). Petter's Answer to Hydro's Third Amended Complaint adds counterclaims for intentional interference with contractual relations and intentional interference with economic relations.[5] The parties' dispute centers on the addition of these intentional interference counterclaims.

## DISCUSSION

Petter believes the filing of Hydro's Third Amended Complaint entitled Petter to amend its counterclaims as of right. In the event this Court disagrees, Petter seeks leave of court to amend. For its part, Hydro believes Petter may not amend its counterclaims without leave of court, and this Court must deny leave because federal patent law preempts the intentional interference counterclaims, and Petter moved to amend in an untimely manner under Federal Rule of Civil Procedure 16(b).

This Court must therefore first determine whether a defendant served with an amended complaint may file amended counterclaims as of right or only with leave of court.

### A. Petter Did Not Require Leave of Court to Amend

Federal Courts have taken a wide range of positions in deciding whether a defendant must seek leave of court to add counterclaims when responding to an amended complaint. One court has noted "[t]he case law addressing this particular situation . . . is all over the map."

---

[5] Petter previously asserted these claims against Hydro in an earlier action between the parties filed in the Western District of Michigan. The parties dispute whether the court in the Michigan action dismissed Petter's intentional interference claims with prejudice. (*See* ECF No. 104.) Because the Court finds that Petter had the right to file its amended counterclaims in response to Hydro's Third Amended Complaint without needing to seek leave of court, the Court need not address this issue at present.

-3-

*Pereira v. Cogan*, No. 00 Civ. 619(RWS), 2002 WL 1822928, at *2 (S.D.N.Y. Aug. 7, 2002). No appellate courts have directly addressed this situation. *E.g.*, *Slim CD, Inc. v. Heartland Payment Sys., Inc*, No. 06-2256, 2007 WL 2459349, at *6 (D.N.J. Aug. 24, 2007) (unpublished). Nor does this District appear to have previously addressed this situation. Federal courts outside this District that have addressed this issue have reached a range of results, generally falling within one of three categories: permissive or narrow or moderate.

Under the so-called permissive approach, a defendant served with an amended complaint may amend its answer without leave of court, regardless of the scope of the changes in the amended complaint. *See Am. Home Prods. Corp. v. Johnson & Johnson*, 111 F.R.D. 448, 453 (S.D.N.Y. 1986) (citing *Deutsch v. Health Ins. Plan of Greater N.Y.*, 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983)) (permitting significantly amended counterclaims late in the case because of entitlement to respond to amended pleading).[6] "The philosophy underlying this approach appears to be that plaintiffs 'amend [ ] their complaint at their peril, opening themselves up to any and all counterclaims [the defendants] choose to assert.'" *S. New England Tel. Co. v. Global NAPS, Inc.*, No. 3:04-CV-2075 (JCH), 2007 WL 521162, at *2 (D. Conn. Feb. 14, 2007) (alterations in original) (quotation omitted). Courts justify the permissive approach as comporting with Rule 15(a)'s "liberal standard for the amendment of pleadings." *See Veronico v. Pastapunto*, No. 98 Civ. 1154 NRB, 1999 WL 1216951, at *1 (S.D.N.Y. Dec. 17, 1999) (citations omitted) (denying a motion to strike an answer to an amended complaint).

---

[6] *See also Mun. Revenue Servs., Inc. v. Xspand, Inc.*, No. 4:05CV671, 2006 WL 91358, at *2 (M.D. Pa. Jan. 12, 2006) (applying permissive approach); *E.I. Dupont De Nemours & Co. v. Millennium Chems., Inc.*, No. 97-237-SLR, 1999 WL 615164, at *4 (D. Del. Aug. 2, 1999) (same); *Standard Chlorine of Del., Inc. v. Sinibaldi*, No. 91-188-SLR, 1995 WL 562285, at *2 (D. Del. Aug. 24, 1995) (same).

Other federal courts offer less leeway.  Under what courts generally term the narrow approach, courts permit such counterclaims as of right only if they directly relate to the changes in the amended complaint.  *See Nolan v. City of Yonkers*, No. 92 Civ. 6067 (KMW), 1996 WL 120685, at *4 (S.D.N.Y. Mar. 19, 1996); *Global NAPS*, 2007 WL 521162, at *2–3.  The rationale for this approach, generally based upon the interplay of the pre-2009 Amendment versions of Federal Rules of Civil Procedure 13 and 15, "is that a defendant does not have a right to assert new counterclaims unrelated to the amendment in the same way that they had a right to assert counterclaims in their original answer." *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, No. 09-CV-1426 (JRT/SER), 2011 WL 2261298, at *3 (D. Minn. Mar. 21, 2011) (citing *Global NAPS, Inc.*, 2007 WL 521162, at *2), *report and recommendation adopted sub nom.*, *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings*, No. 09-1426 (JRT/SER), 2011 WL 2261284 (D. Minn. June 8, 2011).

Still other federal courts have struck a balance between the permissive and narrow approaches.  The Northern District of Iowa provided perhaps the clearest statement of the aptly-named moderate approach in *Tralon*, 966 F. Supp. at 832:

> "[W]hen a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff." . . . The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [Defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim.

966 F. Supp. at 832 (quoting *Brown v. E.F. Hutton & Co., Inc.*, 610 F. Supp. 76, 78 (S.D. Fla. 1985)).  The rationale underlying this approach emphasizes equitable treatment of the parties.  "'Since the amended pleader chooses to redo his original work, and receives the benefit of this nunc pro tunc treatment, he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading.'" *Id.* at

832 (quoting *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970)).  Professor James William Moore has likewise noted that "when a plaintiff's amended complaint changes the theory of the case, it would be inequitable to require leave of court before the defendant could respond with appropriate counterclaims."  3 James W. Moore, et al., *Moore's Federal Practice* § 15.17[6] (3d Ed. 2012).  The moderate approach predominates among federal courts.  *Uniroyal Chem. Co., Inc. v. Syngenta Crop Prot., Inc.*, No. 3:02CV02253 (AHN), 2005 WL 677806, at *2 (D. Conn. Mar. 23, 2005) (adopting moderate approach and citing cases).[7]

Courts adopting the moderate approach have noted that consideration of the change in theory or scope of the amended complaint best meets the language of the previous version of Rule 15(a), which required that an amended pleading "plead in response to" the amended pleading.  *See, e.g.*, *Elite Entm't*, 227 F.R.D. at 446–47.  Rule 15, however, was amended effective December 1, 2009.  The amended version of Rule 15, among other changes, no longer includes the language providing that "[a] party shall plead *in response to* an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading."  Fed. R. Civ. P. 15(a) (2006) (emphasis added).  Yet the advisory committee's note to the 2009 amendment clearly indicates they intended the changes to the rule to create new time limits for filing responsive pleadings.  *See* Fed. R. Civ. P. 15 advisory

---

[7] *See also Panoceanis Mar., Inc. v. M/V EULA B. DEVALL*, No. 11-2739, 2013 WL 264616, at *2–3 (E.D. La. Jan. 23, 2013) (applying moderate approach); *Buffalo Wild Wings*, 2011 WL 2261284, at *2–3 (same); *Turbomin AB v. Base-X, Inc.*, No. 6:09cv00007, 2009 WL 2870968, at *2 (W.D. Va. Sept. 2, 2009) (same and noting "federal courts of Virginia . . . appear to have adopted the moderate view"); *Slim CD*, 2007 WL 2459349, at *6–7 (same); *Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446–47 (E.D. Va. 2005) (same); *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 226–27 (S.D.N.Y. 2002) (same); *Synermed Int'l, Inc. v. Lab. Corp. of Am. Holdings*, No. 1:97CV00966, 1999 WL 1939253, at *1–2 (M.D.N.C. Mar. 3, 1999) (same).

committee's note to 2009 Amendment. Nothing in the advisory committee's note indicates the changes in any way alter the permissible scope of a party's response to an amended pleading. The 2009 amendments therefore do not diminish the persuasive value of cases basing their analyses in part on the pre-2009 Amendment version of Rule 15. *Accord Buffalo Wild Wings*, 2011 WL 2261298, at *3 n.5 (discussing this effect of the 2009 amendment to Fed. R. Civ. P. 15 and concluding the change "does not make these cases any less instructive"). Indeed, the 2009 Amendment, by its deletion of Rule 13(f) and advisory committee note to that rule, bolster the argument for this approach by having all amendments governed by a liberal amendment standard.

Moreover, the rationale behind the moderate approach remains sound even without consideration of the "plead in response to" language of pre-amendment Rule 15. As one court has wisely noted, "[i]f every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation." *Morgan Stanley*, 211 F.R.D. at 227.

On the opposite side of the spectrum, the narrow approach seems overly restrictive in light of Rule 15's liberal directive that "court[s] should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has stated in no uncertain terms that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This Court finds persuasive the reasoning of courts applying the moderate approach and, accordingly, now puts this case to that standard.

**1. Hydro's Amended Complaint Expanded the Scope and Theory of the Case**

Although Hydro's Third Amended Complaint increased in length over the Second Amended Complaint to the tune of an additional 201 paragraphs spanning an additional 39 pages, (*compare* ECF No. 23, *with* ECF No. 57), the length of the Third Amended Complaint holds little to no value in this analysis. An amended complaint often has an increased length because it includes additional information that has either no effect on the scope or theory of the case or in fact narrows the scope or theory. For example, a complaint may require amendment to conform to Federal Rule of Civil Procedure 9(b)'s requirement that claimants of fraud or mistake must plead their allegations with particularity. Such an amendment, although it may increase the length of the complaint, does not necessarily expand the scope or theory of the case—and quite possibly just the opposite. Instead, a court undertaking this inquiry must look to the substance of the changes in the complaint.

Hydro's Third Amended Complaint names two new Defendants and adds new claims against Petter for tortious interference with contractual relations, civil conspiracy, and fraud. The civil conspiracy and fraud claims also bring heretofore unseen requests for punitive or exemplary damages. Thus, Hydro's Third Amended Complaint expanded the scope and theory of the case, and Petter therefore may raise new counterclaims as of right. *See Slim CD*, 2007 WL 2459349, at *7 (allowing amendment without leave where amended complaint added new claim seeking exemplary damages). Because Hydro expanded the scope of this litigation, it cannot now complain when Petter responds in kind. *See Uniroyal*, 2005 WL 677806, at *3 (noting that "fairness compel[s] the court to conclude that if a plaintiff is permitted to expand the scope of the case by amending her complaint to add new theories of recovery, a defendant should be permitted to do the same"); *Tralon*, 966 F. Supp. at 832 (finding that defendant was "entitled to a

'fresh start' in answering Plaintiffs' Second Amended Complaint" where the amended complaint expanded factual allegations and scope of claims).

For these reasons Petter timely amended its Counterclaims. Because the Court determines that Petter could amend as of right, the procedural posture of the case does not provide for a futility analysis.

## **CONCLUSION**

Because the Court finds Petter had the right to file its Amended Counterclaims without leave of Court, the Court FINDS AS MOOT Petter's Motion for Leave to File Amended Counterclaims (*nunc pro tunc*) (Docket No. 69). Petter validly filed its Amended Counterclaims on August 6, 2012. (ECF No. 68.) Hydro will have 14 days from this Order's entry to respond to the Counterclaims.

DATED this 22nd day of March, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge