IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRO ENGINEERING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PETTER INVESTMENTS, INC., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL (ECF No. 122)**<br><br>Case No. 2:11-cv-00139-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Hydro Engineering, Inc. ("Hydro") filed its Motion to Compel document production from Defendant Petter Investments, Inc. ("Petter") on May 31, 2013. (ECF No. 122.) Hydro asks this Court to compel Petter to produce documents responsive to Hydro's Request for Production Number 74, which seeks updated and expanded production of Petter's project files. (*See* Pl.'s Br. Ex. G, ECF No. 122-8.) The Court has carefully considered the Motion and Memoranda submitted for and against Hydro's Motion[1] and GRANTS that Motion.

### A. Hydro's Request for Production No. 74

Petter objects to Hydro's Request for Production Number 74 ("Request No. 74") as facially overbroad, unduly burdensome, duplicative, and not reasonably calculated to lead to admissible evidence. (Mem. Opp'n 5, ECF No. 126.) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 defines relevance as discovery "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

---

[1] The Court determined it can decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7-1(f).

Hydro's Third Amended Complaint alleges Petter wrongfully used information obtained from former Hydro employee Carl Pelletier—including pricing information and Hydro's technical drawings and specifications, among other things—to design and sell Petter products. (*See, e.g.*, Third Am. Compl. ¶¶ 99—104, 134–149, 171–180, ECF No. 57.) One of Petter's owners testified that Petter generally keeps all files relating to a project in the project file, including information on sales. (Pl.'s Br. 5–6, ECF No. 122.) Petter's project files likely contain information reasonably calculated to lead to the discovery of admissible evidence. Hydro's Third Amended Complaint places sales, technical specifications, and pricing, among other things, squarely at issue. Therefore Document Request number seventy-four requests relevant and hence discoverable material.

The Court strikes the facial overbreadth objection because the request limits itself. Both parties know exactly what the Project Files are and the request imposes a reasonable time limitation. The Court further strikes the duplicative objection because Hydro has made clear Petter does not need to produce any documents it has already produced.

As to unduly burdensome, the information Hydro seeks does not easily lend itself to a limited search scope; Petter may have used the trade secrets Hydro alleges Petter wrongfully obtained in products not previously the subject of patent litigation between the parties or in products and sales with which Mr. Pelletier had no personal involvement. Hydro has noted that Petter need only produce the project files for products previously accused of patent infringement by Hydro and "treatment, containment and aircraft and engine wash systems." (Pl.'s Br. 10, ECF No. 122.) Moreover, Petter has explained that this request would "require a production of an additional 50 project files of approximately 8,100 pages." (Mem. Opp'n 6, ECF No. 126.)

Under the facts of this case, the Court does not find the request unduly burdensome and strikes that objection.

### B. Form of Production

The parties also dispute the form Petter's production should take. Hydro argues Petter must produce the project files "as maintained in the ordinary course of its business." (Br. 11, ECF No. 122.) Federal Rule of Civil Procedure 34 states "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Parties may therefore choose the form of their response. "The key to this dichotomy is the assumption that in either case the documents will be organized. . . . Thus regardless of the form chosen, the production will be useful to the requesting party, and neither choice will inject unnecessary time and cost into litigation." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 411 (S.D.N.Y. 2009).

Of course, parties may not intentionally disorganize their files. *See, e.g.*, *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) ("the responding party cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents"); Fed. R. Civ. P. 34(b) advisory committee's note, 1980 Amendment (explaining Rule 34 is intended to prevent parties from "deliberately . . . mix[ing] critical documents with others in the hope of obscuring significance"). The Federal Rules of Civil Procedure provide for sanctions against a party that fails to cooperate in discovery. *See* Fed. R. Civ. P. 37.

The Court will not dictate the form of production; as noted above, Rule 34 permits parties to produce documents as maintained or organized by request. However, Hydro's request

specifically seeks "project files". Therefore, the Court expects production under either option to protect the integrity of the project file.

### C. Sanctions

Because the Court finds Petter had a legitimate basis on which to seek clarification, the Court does not award Hydro its expenses in making this Motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

### CONCLUSION

For the reasons set forth above, the Court GRANTS Hydro's Motion (ECF No. 122). The Court FURTHER ORDERS Petter to produce documents responsive to Hydro's Request No. 74, as outlined above, within 14 days of this Order's entry.

Dated this 16th day of December, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge