IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRO ENGINEERING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PETTER INVESTMENTS, INC., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DETERMINE THE SUFFICIENCY OF PETTER INVESTMENT, INC.'S RESPONSES TO REQUESTS FOR ADMISSION (ECF NO. 120)**<br><br>Case No. 2:11-cv-00139-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On May 17, 2013, Plaintiff Hydro Engineering, Inc. ("Hydro") filed a Motion to Determine the Sufficiency of Petter Investment, Inc.'s Responses to Requests for Admission. (*See* ECF No. 120.) Hydro asks this Court[1] to deem its requests admitted or compel Petter Investment, Inc. ("Petter") to serve responses to Hydro's First Requests for Admission Numbers one through twenty-four. The Court has carefully read the Motion and Memoranda submitted for and against Hydro's Motion.[2] The Court ORDERS Petter to serve responses to Hydro's requests regarding confidentiality, but sustains Petter's objection regarding the business records exception, thus GRANTING IN PART and DENYING IN PART Hydro's Motion.

---

[1] Chief District Judge Ted Stewart referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) on May 30, 2012. (ECF No. 48.) On October 4, 2012, this case was reassigned to District Judge Robert J. Shelby, with the undersigned remaining as the referred Magistrate Judge. (ECF No. 90.)

[2] The Court determined it can decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7-1(f).

## BACKGROUND

Hydro's Requests for Admission Numbers one through twenty-four (the "RFAs") repeat the same eight questions as to each of the three relevant litigations between Hydro and Petter: this case and two earlier cases litigated in the Western District of Michigan. The RFAs fall broadly into two categories. The first category seeks admissions related to the confidentiality of the documents: (1) that the parties filed stipulated protective orders in the three cases; (2) all three courts entered the stipulated protective orders; (3) that Matt Petter and Doug Petter agreed to comply with the stipulated protective orders; (4) that the stipulated protective orders permit "parties and third-parties to designate documents for production either 'CONFIDENTIAL' or 'CONFIDENTIAL ATTORNEY'S EYES ONLY'"; and (5) that Petter designated documents as confidential or confidential attorney's eyes only. (*See* Br. Ex. A, RFAs 1–5, 9–13, and 17–21, ECF No. 120-2.) The second category seeks admissions related to the admissibility of documents produced in this case and the two Michigan cases: (1) that Petter kept and maintained the documents in the ordinary course of business; (2) that Petter kept the documents under its custody and control; and (3) that the documents are true and correct copies. (*See* Br. Ex. A, RFAs 6–8, 14–16, and 22–24, ECF No. 120-2.) Petter objected to each of Hydro's RFAs and provided no responses.

## DISCUSSION

Federal Rule of Civil Procedure 36(a)(6) allows a requesting party to move the court "to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." *Id.* The court may also award expenses under Rule 37(a)(5). *Id.*

## A. Requests for Admission Nos. 1–5, 9–13, and 17–21

The first category of requests focuses on Petter's treatment of documents in this case and the two Michigan cases. Petter objected to these requests as irrelevant, among other objections.[3] Hydro argues these requests "are relevant and discoverable in light of Hydro's claims for trade secret misappropriation and how Petter itself has protected similar information." (Pl.'s Br. 9, ECF No. 120-1.) The Court agrees with Hydro.

Rule 26(b)(1), which applies to requests for admission under Rule 36(a)(1), creates a broad scope of discovery. *See* Fed. R. Civ. P. 26(b)(1); *see also Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). As part of Hydro's misappropriation claim, Hydro must first prove "the existence of a trade secret." *See Water & Energy Sys. Tech., Inc. v. Keil*, 1999 UT 16, ¶ 9, 974 P.2d 821, 822. The Utah Uniform Trade Secrets Act defines "trade secret" as "information . . . that: (a) derives independent economic value, actual or potential, from not being generally known . . . ; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Utah Code Ann. § 13-24-2(4). How competitors treat such information has relevance to Hydro's obligation to prove the existence of a trade secret; particularly the second prong of the Utah Uniform Trade Secret Act's definition of "trade secret," which asks whether the secret holder's efforts to preserve the information's secrecy were reasonable.

Accordingly, the Court finds Petter's relevancy objections to these requests not substantially justified and grants Hydro's Motion as to these requests. The Court therefore orders Petter to respond to the above-listed RFAs within fourteen days of this Order's entry.

---

[3] For example, Petter objected to a number of Hydro's RFAs as vague and ambiguous. (*See e.g.*, Br. Ex. A, RFAs 4, 6, 12, ECF No. 120-2.) However, Petter's Opposition only discusses Petter's relevance (RFAs 1–24) and unduly burdensome (RFAs 5–8, 13–16, and 21–24) objections. (*See* Mem. Opp., ECF No. 125.)

### B. Requests for Admission Nos. 6–8, 14–16, and 22–24

The second category of requests apparently seeks to lay the groundwork for admission of certain documents under the business records exception to the rule against hearsay. Petter objected to these requests as irrelevant. Hydro argues these requests show how other parties in the marketplace treat such information. As noted above, the Court agrees that how Petter treated such information has some relevance to Hydro's misappropriation claim but finds these requests do not go to that purpose.

Petter also objected to these requests as unduly burdensome. Rule 36(a)(1) allows requests for admission related to the authenticity of documents. But these requests put at issue approximately 50,000 pages of documents without any reference to an intent to use them at trial. Because these requests require Petter to examine such a vast universe of documents, the Court finds them unduly burdensome. *See In re Gulf Oil/Cities Serv. Tender Offer Litig.*, No. 82 Civ. 5253 (MBM), 87 Civ. 8982 (MBM), 1990 U.S. Dist. LEXIS 8649, at *2–3 (S.D.N.Y. July 16, 1990) (noting that while Rule 36(a) provides for authentication of documents, "it would be unreasonable to require plaintiffs to expend time and effort to determine the authenticity of documents not now intended to be used at trial"). Accordingly, the Court denies Hydro's Motion as to these requests. If Hydro wishes to revise the requests to apply only to documents it has a good-faith belief it will likely offer as evidence at trial, it may do so within fourteen days.

### C. Sanctions

Rule 36(a)(6) states that "Rule 37(a)(5) applies to an award of expenses." Because this Court grants Hydro's Motion, albeit in part, Rule 37(a)(5)[4] directs this Court to award Hydro

---

[4] Although Hydro cites Rule 37(c)(2), that Rule applies where "the requesting party later proves a document to be genuine or the matter true." Fed. R. Civ. P. 27(c)(2). As the advisory committee's note indicates, "Rule 37(c) is intended to provide posttrial relief in the form of a

reasonable expenses, including attorney's fees. The Court granted Hydro's Motion as to approximately half of the RFAs at issue and therefore awards Hydro half of its expenses incurred in making this Motion. The Court directs Hydro to submit documentation supporting its expenses.

## CONCLUSION

For the reasons set forth above, the Court Orders as follows:

1) The Court GRANTS Hydro's Motion as to Requests for Admission Nos. 1–5, 9–13, and 17–21;

2) The Court ORDERS Petter respond to Requests for Admission Nos. 1–5, 9–13, and 17–21 within 14 days of this Order's entry;

3) The Court DENIES Hydro's Motion as to Requests for Admission Nos. 6–8, 14–16, and 22–24; and

4) The Court GRANTS Hydro's request for expenses and awards Hydro half of its expenses incurred in making this Motion. Hydro should submit documentation to support its expenses.

Dated this 16th day of December, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge

---

requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial." Fed. R. Civ. P. 37 advisory committee's note, 1970 Amendment.