IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRO ENGINEERING, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETTER INVESTMENTS, INC., et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL (ECF No. 137)** <br><br> Case No. 2:11-cv-00139-RJS-EJF <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiff Hydro Engineering, Inc. ("Hydro") filed its Motion to Compel Petter Investment's, Inc. to Produce Invoice Summaries and to Extend the Expert Report Deadline on July 18, 2013. (ECF No. 137.) In two previous cases between the parties litigated in the Western District of Michigan, and earlier in this case, Petter Investments, Inc. ("Petter") provided invoice reports identifying Petter's sales. Hydro now asks this Court to compel Petter to produce invoice reports and to extend the expert reports deadline. The Court has carefully considered the Motion and Memoranda submitted for and against Hydro's Motion and GRANTS the Motion.[1]

**DISCUSSION**

Hydro's interrogatory number thirteen asks Petter to identify all of Petter's sales to certain customers. (*See* Pl.'s Br. Ex. M, Interrog. No. 13, ECF No. 137-13.) Petter responded to this interrogatory with a production of business records under Federal Rule of Civil Procedure 33(d)(1) limited to those sales in which Mr. Pelletier had involvement. (*Id.*) In the answer, Petter further asserted that the burden of determining the requested information from the

---

[1] The Court determined it could decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7-1(f).

-1-

"business records is substantially the same for Hydro as it is for Petter." (*Id.*) Because of the difficulty and cost of analyzing the documents Petter produced, Hydro now asks for invoice reports from Petter. (Pl.'s Br. 3, ECF No. 137.)

Petter only produced invoices and financial documents for transactions in which Mr. Pelletier received a commission. (Mem. Opp'n 3, ECF No. 140.) As set forth in this Court's recently issued order on project files (ECF No. 202), the Court strikes Petter's objection that its response should only include transactions for which Mr. Pelletier received a commission. Thus this Court ORDERS Petter to amend its response to include all transactions.

Petter further argues Federal Rule of Civil Procedure 34 does not require responding parties to create summaries in response to requests for production. (Mem. Opp'n 6–7, ECF No. 140.) Petter correctly states the law regarding production under Rule 34. *See Flying J Inc. v. Pilot Travel Centers LLC*, No. 1:06-CV-00030-TC, 2009 WL 1835000, at *2 (D. Utah June 25, 2009) ("The court does not read Fed.R.Civ.P. 34 or its prior order on similar data as permitting a request for production to require a responding party to create compilations and summaries."). However, Petter produced business records in lieu of an interrogatory answer under Rule 33.

Rule 33 permits parties to respond to an interrogatory by identifying business records from which the requesting party can derive an answer. Fed. R. Civ. P. 33(d)(1). But parties may only do so "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). Petter admits it created and produced invoice reports in the past, and Petter can still produce them. (*See* Mem. Opp'n 5, ECF No. 140; Pl.'s Reply 3, ECF No. 143.) Petter apparently selectively created certain invoice reports for its damages case and for use by its own damages expert. (*See* Pl.'s Reply 3–4, ECF No. 143.) The Court finds that Petter can easily create the reports Hydro requests. Hydro would have to expend a great deal

more effort than Petter to produce the same result. Because the burden does not fall equally on either party, Petter's response to the interrogatory remains inadequate. *See* Fed. R. Civ. P. 33(d)(1); *see also*, *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (noting "if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required"); *Partlow v. City of Jacksonville*, No. 306-CV-892-J-25HTS, 2007 WL 2565942, at *1 (M.D. Fla. Aug. 31, 2007) ( holding a party must produce documents it possesses "regardless of whether it can be obtained from a third party").

The Court orders Petter to provide Hydro with invoice reports for all Petter sales from July 2008 to the present.

The Court will also reopen expert discovery to allow each party to modify its damages expert reports as needed based on the recent discovery rulings. The Court denies Hydro's request for sanctions finding the remedy of production and the expert discovery extension sufficient to remedy the harm.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Hydro's Motion (ECF No. 137).

The Court FURTHER ORDERS Petter to provide Hydro with invoice reports for Petter's sales from July 2008 to the present within fourteen days of this Order's entry.

The Court FURTHER REOPENS the damages expert discovery deadline to allow Hydro to update its damages expert report thirty days from the latter of the date Petter provides Hydro with invoice reports in accordance with this order or the date Petter produces the project files as this Court ordered on December 16, 2013, (*see* ECF No. 202). Petter will then have thirty days from the date Hydro serves its damages expert report to update its damages expert report.

Dated this 17th day of December, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge