IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRO ENGINEERING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PETTER INVESTMENTS, INC., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL (ECF No. 129)**<br><br>Case No. 2:11-cv-00139-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Petter Investments, Inc. ("Petter") filed this Motion to Compel (1) Documents from Hydro Engineering, Inc. and Holland & Hart LLP, (2) Documents and Information from Hydro Engineering, Inc., and (3) for Sanctions (ECF No. 129). Petter asks this Court to compel Plaintiff Hydro Engineering, Inc. ("Hydro") and Hydro's counsel, Holland & Hart LLP ("H&H"), to produce certain documents related to the settlement agreement (the "settlement") entered into between Hydro and Defendants Carl Pelletier and PellTech Solutions, LLC. The Court has carefully considered the Motion and Memoranda submitted for and against Petter's Motion.[1] Because federal law does not recognize a settlement privilege, the Court GRANTS Petter's Motion.

**DISCUSSION**

Petter "seeks relevant and non-privileged documents relating to the recent settlement . . . particularly an affidavit sworn out by Mr. Pelletier pursuant to the settlement." (Petter's Br. 1, ECF No. 129.) Petter particularly seeks "to obtain drafts of the Pelletier Affidavit and any

---

[1] The Court determined it could decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7-1(f).

-1-

related negotiations and communications over its content, including emails between counsel for Mr. Pelletier and Hydro." (*Id.*) Petter argues Hydro waived any objections because it failed to serve them in a timely manner.

**The Settlement Materials**

Hydro did not timely object to Petter's request related to settlement materials. Petter's service of its requests by hand started the clock for Hydro to respond within thirty days of service. *See* Fed. R. Civ. P. 6, 34(b)(2)(A). Nonetheless, because Hydro provided its response only a few days later and Petter has neither claimed nor shown any prejudice from this failure, the Court finds Hydro's untimely response harmless. The Court will therefore consider Hydro's objections.

Hydro objects to Petter's request claiming Federal Rule of Evidence 408 and a federal settlement privilege protect the material sought from discovery. (Hydro Mem. Opp'n 8–9, ECF No. 134.) While the Court understands the policy underlying Federal Rule of Evidence 408, the plain language of the rule governs admissibility, not discovery. Accordingly, Federal Rule of Evidence 408 does not bar production of the settlement documents. *See Tanner v. Johnston*, No. 2:11-CV-00028-TS-DBP, 2013 WL 121158, at *2 (D. Utah Jan. 8, 2013) ("Because Fed. R. Evid. 408 governs admissibility rather than discoverability, this Court finds Plaintiffs cannot rely on it to prevent the production of their completed settlement agreement.").

The Court next addresses whether a federal settlement privilege bars discovery of the settlement documents. The parties cite no controlling Tenth Circuit cases nor has this Court's own search yielded any. Because of this absence, courts within the Tenth Circuit have declined to imply the existence of a federal settlement privilege. *See, e.g.*, *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1246216, at *4 (D. Kan.

Apr. 27, 2007) ("Absent direction from the Tenth Circuit, this court will not imply the existence of a federal settlement privilege under either Fed. R. Evid. 408 or under Fed. R. Evid. 501."); *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 3241432, at *7 (D. Kan. July 29, 2011) (same).

The Supreme Court has considered several factors when deciding whether to recognize a proposed privilege under Federal Rule of Evidence 501, which is what Hydro essentially asks of this Court.[2] The District Court for the District of Columbia described these factors thusly:

> First, the [Supreme] Court has asked whether there exists a broad consensus in federal and state law in favor of the privilege. See *Jaffee v. Redmond*, 518 U.S. 1, 12, 116 S. Ct. 1923 (emphasizing that "all 50 States and the District of Columbia have enacted into law some form of psychotherapist privilege"); *In re Sealed Case*, 148 F.3d 1073, 1077 (D.C. Cir. 1998) ("The Supreme Court has put considerable weight upon federal and state precedent when recognizing a privilege."). Second, the [Supreme] Court has considered whether "Congress has considered the relevant competing concerns but has not provided the privilege itself." *Univ. of Pennsylvania v. EEOC*, 493 U.S. 182, 194, 110 S. Ct. 577. Third, the [Supreme] Court has consulted the list of evidentiary privileges recommended by the Advisory Committee of the Judicial Conference in its proposed *Federal Rules of Evidence. See Jaffee*, 518 U.S. at 14, 116 S. Ct. 1923; *United States v. Gillock*, 445 U.S. 360, 365, 100 S. Ct. 1185, 63 L. Ed. 2d 454 (1980). Finally, "[t]he Supreme Court has instructed that a party seeking judicial recognition of a new evidentiary privilege under Rule 501 demonstrate with a high degree of clarity and certainty that the proposed privilege will effectively advance a public good." *In re Sealed Case*, 148 F.3d at 1076.

*In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F. Supp. 2d 201, 208–09 (D.D.C. 2005), *aff'd in part on other grounds sub nom. In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740 (D.C. Cir. 2006).

In considering the first prong, the Sixth Circuit has recognized a federal settlement privilege, *see, e.g.*, *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003), but others courts have rejected its existence, *see, e.g.*, *In re Subpoena*, 370 F.

---

[2] Petter has not briefed the *Jaffe* test under Rule 501. Therefore, the Court performs only a cursory analysis of the issue.

Supp. 2d at 212. Although the State of Utah recognizes a settlement privilege, *see Reese v. Tingey Const.,* 2008 UT 7, ¶ 8, 177 P.3d 605 (2008), other states do not, *see In re Subpoena*, 370 F. Supp. 2d at 210 (citing cases). No consensus exists. *See Matsushita Elec. Indus. Co., Ltd. v. Mediatek, Inc.*, No. C-05-3148MMC (JCS), 2007 WL 963975, at *4 (N.D. Cal. Mar. 30, 2007) (noting courts have reached "widely divergent conclusions").

Courts that have considered the second factor have examined Federal Rule of Evidence 408 and determined that Congress considered a federal settlement privilege but "chose to promote [extrajudicial settlement] through limits on the *admissibility* of settlement material rather than limits on their *discoverability*." *In re Subpoena*, 370 F. Supp. 2d at 211 (emphasis in original); *see also Matsushita*, 2007 WL 963975, at *5 ("when Congress approved Rule 408 to promote settlements, it chose to do so by limiting admissibility—and not by limiting discovery").

Regarding the third factor, the Advisory Committee of the Judicial Conference did not include a settlement privilege in its initial proposal. *See In re Subpoena*, 370 F. Supp. 2d at 211.

Hydro argues the policy favoring the compromise of disputes outside of court as a basis for protecting the settlement documents from discovery. (Hydro Mem. Opp. 8, ECF No. 134.) This Court agrees with the *In re Subpoena* court that valid arguments exist both for and against such a privilege. *See In re Subpoena*, 370 F. Supp. 2d at 212.

In *In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1197 (10th Cir. 2006), the Tenth Circuit considered whether to recognize "a new privilege for materials surrendered in a government investigation." The Tenth Circuit ultimately declined to recognize the new privilege and noted that "[m]ore often than not, the Supreme Court has declined to recognize new privileges." *Id.* Based on this Court's consideration of the above factors, the Court declines to recognize a federal settlement privilege under the facts of this case.

Although no federal settlement privilege exists, "the Court must still decide whether the requests at issue in this case are relevant and are calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26." *See Heartland Surgical*, 2007 WL 1246216, at *4. Hydro, citing *Heartland Surgical*, *id.* at *5, argues the settlement-related documents "are not relevant because these drafts and communications merged with the Settlement Agreement, which Petter already has." (Hydro Mem. Opp. 6, ECF No. 134.) But this conclusion presupposes the requesting party "'has not demonstrated how the negotiations, as compared to an actual settlement agreement, may be relevant to the ongoing litigation.'" *Heartland Surgical*, 2007 WL 1246216, at *5 (quoting *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368 (N.D. Ill. 2001)).

Here, Petter notes Mr. Pelletier testified at his deposition that he disagreed with and rejected portions of Hydro-prepared drafts of the affidavit he signed in connection with the settlement. Petter therefore seeks the settlement-related documents "to assess the 'potential bias, interest and credibility' of Mr. Pelletier." (Petter Br. 9, ECF No. 129.) The Court thus finds the request relevant and calculated to lead to the discovery of admissible evidence but only inasmuch as it seeks drafts of Mr. Pelletier's affidavits and non-privileged communications related thereto. Given that Hydro should have control over responsive documents, the Court sees no reason to compel production of documents from H&H. Because of the lack of clarity and precedent on the issue of settlement privilege, the Court will not award sanctions as Hydro had substantial justification for raising the objection.

## Other Requests & Sanctions

Petter also asked this Court to compel Hydro to provide a supplemental response to Petter's Interrogatory No. twenty-one and produce "documents regarding projects that Hydro contends it would have won, but for Petter's alleged use of its alleged trade secrets, including projects with the Canadian Ministry of National Defense . . . and Fort Meade." (Petter Br. 2, ECF No. 129.) Petter propounded that document request on August 24, 2011. (*Id.* 5.) Hydro produced the requested information after Petter filed the instant Motion on June 26, 2013. (Hydro Mem. Opp'n 9, ECF No. 134.) Because of the delay between Petter's request and Hydro's production, the Court awards Petter its expenses related to the portion of Petter's Motion related to those requests. *See* Fed. R. Civ. P. 37(a)(5)(A).

Finally, the Court notes the parties' disagreement over whether Hydro must provide a privilege log. The parties apparently agreed not to require privilege logs for privileged communications after the filing of the Complaint in this action. (*See* Hadley Decl. ¶ 8, Ex. F, ECF No. 136 & 136-6.) Although Petter argues Hydro must provide a privilege log, Petter's Reply does not dispute Hydro's claim of the agreement dispensing with post-filing privilege logs. Based on the parties' apparent agreement, the Court will not order Hydro to provide a privilege log for post-filing communications.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Petter's Motion. The Court FURTHER ORDERS Hydro to produce responsive documents limited to drafts of Mr. Pelletier's affidavits and non-privileged communications related thereto within fourteen days of this Order's entry. The Court also awards Petter its expenses incurred in bringing the portion of the Motion

related to documents Hydro subsequently produced. Petter should submit documentation of its expenses to the Court.

Dated this 17th day of December, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge